UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA TACKETT, as Personal
Representative of the Estate of
KEVIN RAY TACKETT, Deceased,

      Plaintiff

v.

FIVE STAR ENERGY SERVICES, LLC,
and MATHEW GRANT,

      Defendants

Case No.: 1:23-cv-266

Hon. _____

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, CHRISTINA TACKETT, as Personal Representative of the Estate of KEVIN RAY TACKETT, Deceased, by and through her attorneys, KEILEN LAW, PLC, and for her Complaint against Defendants, FIVE STAR ENERGY SERVICES, LLC and MATHEW GRANT, Plaintiff states as follows:

### PARTIES

1. Christina Tackett is a citizen of Michigan.

2. At the time of his death, Kevin Ray Tackett was a citizen of Michigan.

3. On December 1, 2022, Christina Tackett was appointed as the Personal Representative of the Estate of Kevin Ray Tackett, Deceased, by the Van Buren County Michigan Probate Court (File No.: 2022 1207 DE).

4. Five Star Energy Services, LLC is registered as a Wisconsin Limited Liability Company under the laws of Wisconsin with its principal place of business in Wisconsin.

5. At the times relevant to this Complaint, Five Star Energy Services, LLC, by and through its actual, implied and/or apparent agents, was operating, working, and performing construction services in the State of Michigan.

6. Mathew Grant is an individual who is a citizen of Arkansas.

7. At all times relevant to this Complaint, Mathew Grant was an employee and/or agent of Five Star Energy Services, LLC working in the State of Michigan.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this case pursuant to 28 U.S.C. §1332 as the parties are all citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Venue is proper in this judicial district because the underlying automobile collision at issue occurred in the Township of Paw Paw, County of Van Buren, State of Michigan.

## FACTUAL ALLEGATIONS

10. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 9 of this Complaint as if specifically set forth herein.

11. On September 21, 2022 at approximately 5:30 a.m., Steven Dare (a non-party to this case) was operating a 2021 International LT625 semi tractor trailer southbound on M-51 in the Township of Paw Paw, County of Van Buren, State of Michigan.

12. On the same date, and at the same time, Kevin Ray Tackett was operating a 2016 Mercedes Benz Sprinter box truck owned by Rolling Frito Lay Sales, LP southbound on M-51 directly behind the semi tractor trailer in the Township of Paw Paw, County of Van Buren, State of Michigan.

13. On the same date and at the same time, Mathew Grant was the owner and operator of a 2012 Dodge ST3 pickup truck traveling northbound on M-51 approaching the semi tractor trailer and box truck in the Township of Paw Paw, County of Van Buren, State of Michigan.

14. On said date at said time, the weather was clear, the roads were dry, and there was not any hazardous road or driving conditions that were not clearly visible and/or apparent.

15. The vehicle operated by Mathew Grant crossed the center line, struck and ricocheted off of the driver's side of the semi-tractor trailer.

16. After Mathew Grant's vehicle struck the semi tractor trailer, Mathew Grant lost control of his vehicle, again crossed the center line, and struck the vehicle being operated by Kevin Ray Tackett head on.

17. As a result of the collision, Kevin Ray Tackett was killed.

18. As a result of the collision, Mathew Grant was charged with committing a moving violation that was the proximate cause of death of another person in violation of MCL 257.601d, which is pending in the 7th District Court – Paw Paw (Case No.: 2022-221283-FY).

19. Mathew Grant pled nolo contendere to said charge.

## COUNT I- MATHEW GRANT'S NEGLIGENCE, FIVE STAR'S VICARIOUS LIABILITY, WRONGFUL DEATH ACT

20. Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 19 of this Complaint as if specifically set forth herein.

21. On the date and at the time of the collision, Mathew Grant owed a duty to the public, including to Kevin Ray Tackett, to operate his vehicle in a safe and careful manner in accordance with the Motor Vehicle Code of the State of Michigan and the Common Law.

22. In violation of said duties, Mathew Grant was negligent, careless, and reckless in one or more of the following respects:

(a) Committed a moving violation that caused the death of Kevin Ray Tackett (MCL 257.601d);

(b) Fell asleep while driving his vehicle;

(c) Drove his vehicle while using his cell phone or other electronic device (MCL 257.602b);

(d) Drove his vehicle while distracted;

(e) Allowed his vehicle to cross the center line (MCL 257.642);

(f) Drove his vehicle recklessly with willful and wanton disregard for the safety and rights of Kevin Ray Tackett (MCL 257.626);

(g) Failed to keep his motor vehicle constantly under control;

(h) Drove his vehicle carelessly and negligently thereby endangering the life of Kevin Ray Tackett (MCL 257.626b);

(i) failed to attempt to stop his vehicle when he knew or should have known that failure to do so would naturally and probably result in injury or death to Kevin Ray Tackett;

(j) failed to observe the roadway in front of his vehicle when he knew, or should have known, that failure to observe the vehicle being driven by Kevin Ray Tackett would endanger the life of Kevin Ray Tackett;

(k) failed to exercise reasonable and ordinary care to keep a sharp lookout so as to avoid striking Kevin Ray Tackett's vehicle;

(l) failed to operate his vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance (MCL 257.627);

(m) failed to make timely use of the braking system with which his vehicle was equipped;

(n) failed to take evasive action to avoid the collision;

(o) failed to give an audible warning of his impending collision with Kevin Ray Tackett (MCL 257.706);

(p) operated his vehicle in excess of the posted speed limit (MCL 257.628);

(q) struck the vehicle operated by Kevin Ray Tackett and killed him; and/or

   (r) failed to otherwise comply with the applicable laws, obligations, and duties of drivers in the State of Michigan;

23. As a direct and proximate result of Mathew Grant's negligent, careless, and reckless acts and/or omissions, Kevin Tackett suffered severe, grievous, and fatal personal injuries, which include but are not limited to multiple blunt traumatic injuries, which ultimately led to his death.

24. At the time of the collision, Mathew Grant was an employee and/or agent of Five Star Energy Services, LLC.

25. At the time of the collision, Mathew Grant was acting within the course and scope of his employment and/or agency with Five Star Energy Services, LLC.

26. Five Star Energy Services, LLC is vicariously liable for Mathew Grant's negligent, careless, and reckless acts and/or omissions pursuant to the Doctrine of Respondeat Superior and the Michigan law regarding agency.

27. Kevin Ray Tackett was 50 years old at the time of his death and was survived by the following:

   (a) his wife of 20+ years;

   (b) 3 adult children (ages 18, 20 and 23);

   (c) 4 minor children (ages 7, 9, 11 and 13);

   (d) 2 adult stepchildren (ages 27 and 29) and;

   (e) 3 adult brothers.

28. Plaintiff, Christina Tackett, as Personal Representative of the Estate of Kevin Ray Tackett, Deceased, seeks from all Defendants all economic and non-economic damages allowed under the Michigan Wrongful Death Act, MCL 600.2922, including but not limited to:

   (a) Reasonable medical, hospital, funeral, and burial expenses for which the Estate is liable;

  (b) Reasonable compensation for the pain and suffering, while conscious, undergone by the decedent during the period intervening between the time of the injury and the death;

  (c) Reasonable damages for loss of financial support / loss of earning capacity;

  (d) Reasonable damages for the loss of society and companionship; and

  (e) All other reasonable damages permitted under Michigan's statutory and common law, whether known now or whether becoming known during the pendency of this case.

WHEREFORE, Plaintiff, CHRISTINA TACKETT, as Personal Representative of the Estate of KEVIN RAY TACKETT, Deceased, respectfully requests that this Court enter a judgment against Defendants, MATHEW GRANT and FIVE STAR ENERGY SERVICES, LLC, jointly and severally, in excess of the jurisdictional amount, which will fairly, adequately and fully compensate the Estate for Decedent's injuries and damages, together with court costs, interests, and attorney's fees so wrongly incurred.

## JURY DEMAND

Plaintiff hereby claims a trial by jury on all issues so triable.

Dated: 3/14/2023

Respectfully Submitted,

KEILEN LAW, PLC

Raymond C. Steadmon
Attorney for Plaintiff
141 E. Michigan Ave., Ste. 602
Kalamazoo, MI 49007
(269) 382-4818
Rsteadmon@keilenlaw.com