UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINA TACKETT, as Personal
Representative of the Estate of
KEVIN RAY TACKETT, Deceased,

    Plaintiff                                Case No.: 1:23-cv-266

v.                                                HON. ROBERT J. JONKER

FIVE STAR ENERGY SERVICES, LLC,
and MATHEW GRANT,

    Defendants

_____/

**PLAINTIFF'S MOTION FOR APPROVAL OF WRONGFUL DEATH SETTLEMENT, DETERMINATION OF CONSCIOUS PAIN AND SUFFERING, DISTRIBUTION OF SETTLEMENT PROCEEDS AND <u>DISMISSAL WITH PREJUDICE</u>**

       Plaintiff, CHRISTINA TACKETT, Personal Representative of the Estate of KEVIN RAY TACKETT, Deceased, by and through her attorneys, Keilen Law, PLC, and for her Motion for Approval of Wrongful Death Settlement, Determination of Conscious Pain and Suffering, and for Distribution of Settlement Proceeds, states as follows:

**<u>Procedural and Factual Background</u>**

1.     On September 21, 2022, decedent died from injuries he sustained in a motor vehicle collision.

2.     Plaintiff, Christina Tackett, is the personal representative of the Estate of Kevin Ray Tackett, having been appointed by the Van Buren County Probate Court on December 1, 2022.

3.     As a result of his death, the law firm of Keilen Law was retained to pursue a wrongful-death action. A contingent fee contract was signed by the Personal Representative providing for reimbursement of case expenses and for an attorney fee. Plaintiff's counsel reduced his fee from

1

one-third (1/3) down to twenty-five percent (25%). A copy of the contingent fee agreement and case-related expenses incurred in this matter are attached hereto as Exhibit A.

4.  Plaintiff filed suit in this Court pursuant to Michigan Wrongful Death Act (MCL 600.2922).

5.  Plaintiff named Defendant, Mathew Grant ("Grant"), based on his negligence in causing the collision. Defendant Grant formally admitted liability at his deposition in October, 2023.

6.  Plaintiff also named Defendant, Five Star Energy Services, LLC ("Five Star") alleging Defendant Grant was acting in the course and scope of his employment with Five Star at the time of the collision and that Defendant Five Star is vicariously liable for Defendant Grant's negligence. Defendant Five Star has denied all allegations of vicarious liability.

7.  At the initial status conference, this Court ordered a bifurcated discovery schedule wherein the only issue during the first phase of discovery was vicarious liability. Discovery regarding vicarious liability is complete. Defendant Five Star was ordered to file its motion for summary judgment by November 30, 2023 (docket # 29).

8.  On October 10, 2023, the parties facilitated this matter before Thomas Behm. To eliminate the uncertainty and substantial risks of the impending motion for summary judgment, the parties agreed to a settlement, subject to the approval of this Court.

9.  The parties agreed to keep the terms of the settlement confidential. Confidential Exhibit B contains the amount of the settlement, the amount of attorney fees and expenses, the proposed apportionment to conscious pain and suffering, and the proposed distribution to the wrongful death beneficiaries. However, due to their confidential nature, all amounts have been redacted[1].

---

[1] Contemporaneous with this Motion, Plaintiff filed a Motion for an *in camera* inspection of the unredacted version of Confidential Exhibit B.

**Determination of Conscious Pain and Suffering**

10.  Decedent's estate is entitled to "reasonable compensation for the pain and suffering, while conscious, undergone by the deceased during the period intervening between the time of the injury and death. . . ." (MCL 600.2992(6)).

11.  According to the medical records from Bronson Hospital, Kevin Tackett sustained the following injuries in the collision:

   a.  Traumatic hemorrhagic shock;

   b.  Major laceration of abdominal aorta;

   c.  Complete disruption of pelvic ring;

   d.  Fracture of left acetabulum;

   e.  Traumatic rupture of left diaphragm;

   f.  Traumatic left hemothorax;

   g.  Fracture of four (4) ribs on left side;

   h.  Laceration of left forearm;

   i.  Laceration of left knee;

   j.  Laceration of right knee;

   k.  Soft tissue avulsion of right calf;

   l.  Acute respiratory failure with hypoxia;

   m.  Severe metabolic acidosis; and

   n.  Lactic acidosis.

The relevant Bronson Hospital records are highlighted and attached hereto as Exhibit C.

12.  It is believed that the decedent consciously suffered for approximately one (1) hour between the time of the collision and his death.

13. The Michigan Traffic Crash Report indicates that the collision occurred at 5:32 a.m. A copy of the Michigan Traffic Report is highlighted and attached as Exhibit D.

14. The Michigan State Police Incident Report indicates that the decedent was conscious and alert while trapped in his vehicle at the scene. A copy of the relevant page of the incident report is highlighted and attached hereto as Exhibit E.

15. The paramedic report also indicates that the decedent was conscious, alert and talking while trapped in his vehicle at the scene. The paramedic report also indicates that decedent was having trouble breathing, was pale and cool to the touch, had movement in his arms and hands but no feeling or movement in his legs or feet. A copy of the paramedic report is highlighted and attached hereto as Exhibit F.

16. The paramedic report further indicates that the ambulance departed the scene with the decedent at 6:13 a.m. and arrived at the hospital at 6:38 a.m. While in route to the hospital, the decedent lost consciousness. (Ex. F). The decedent never awoke before his death at the hospital at 8:06 p.m. Thus, decedent consciously experienced pain and suffering for approximately one (1) hour.

17. A copy of the death certificate is highlighted and attached hereto as Exhibit G. The cause of death listed is as "multiple blunt force injures."

18. Based on the approximately one (1) hour of conscious suffering, Plaintiff recommends to the Court that five percent (5%) of the net settlement proceed be apportioned to conscious pain and suffering.

19. The dollar amount of the proposed apportionment to conscious pain and suffering is reflected in Confidential Exhibit B (REDACTED).

**Distribution of Wrongful Death Proceeds**

20. Pursuant to the Michigan Wrongful-Death Act, the following individuals are potential recipients of funds remaining based on their loss of financial support and their loss of society and companionship of the decedent:

    a. Christina Tackett, surviving spouse;

    b. Kenley Tackett, surviving adult child;

    c. Karsen Tackett, surviving adult child;

    d. Kambree Tackett, surviving adult child;

    e. Kreston Tackett, surviving minor child;

    f. Kessa Tackett, surviving minor child;

    g. Kierslyn Tackett, surviving minor child;

    h. Klaycee Tackett, surviving minor child;

    i. Kortland Moore, surviving adult stepchild;

    j. Kaden Kerns, surviving adult stepchild;

    k. Donald Tackett, surviving adult sibling;

    l. Daryl Tackett, surviving adult sibling; and

    m. Michael Tackett, surviving adult sibling.

MCL 600.2992(3)(a)-(c); MCL 600.2992(6).

21. Confidential Exhibit B (REDACTED) contains the proposed distribution amounts of the wrongful death proceeds to the beneficiaries.

22. The adult beneficiaries listed above have agreed and consented to the amount of the settlement, the amount of the apportionment to conscious pain and suffering and to the division of the wrongful death proceeds contained in Confidential Exhibit B (REDACTED) and have waived

their right to a hearing. The adult beneficiaries signed Consents/Waivers, which are attached hereto collectively as Exhibit H.

23. With respect to the minor beneficiaries, this Court appointed James Wierenga as their Guardian Ad Litem to review and report to the Court on his opinion on the sufficiency and fairness of the terms of the settlement, including wrongful death distributions to the minor beneficiaries (document # 35).

24. On behalf of the minors, GAL Wierenga has no objection to the confidential settlement amounts and proposed distributions being redacted in this Motion and this Court performing an *in camera* inspection of the unredacted settlement and distribution amounts. (Ex. I).

**Reduction of Future Workers Compensation Benefits to Christina Tackett**

25. Christina Tackett has received and will continue to receive Workers' Compensation benefits because Kevin Tackett was working at the time of his death, including payment of medical expenses, payment of funeral and burial expenses and payment of a percentage of Kevin's wages for 500 weeks following his death.

26. Per *Great American Ins. Co. v. Queen*, 410 Mich. 73 (1980), because this is an automobile accident-related death, there is not, and cannot be, a workers' compensation lien on the medical expenses, funeral expenses, or the wages paid during the first three (3) years (156 weeks) following decedent's death.

27. However, per *Franges v. General Motors Corp.*, 404 Mich. 590 (1979) the employer/workers' compensation carrier is entitled to a reduction in the amount of its future wage payments it will make to Christina Tackett after making full payments for three (3) years (156 months) after decedent's death.

28. Thus, when this Court is reviewing the fairness of the proposed distributions, it is important to note that as a result of settling this matter, the workers' compensations payments to Christina

Tackett over the final 344 weeks will be reduced from $834.00 per week down to $294.25 per week for a total reduction of $185,674,00 that Christian Tackett would have received had she not agreed to resolve this case.

WHEREFORE, Plaintiff requests the following:

A. That the Court approves the settlement in the amount as set forth in Confidential Exhibit B as being in the best interests of the Estate and give the Personal Representative the authority to sign all necessary documents to effectuate the settlement.

B. That the Court make a determination as to whether the decedent consciously suffered before his death and, if so, approve the proposed amount to be paid to the Estate for the decedent's conscious pain and suffering as proposed in Confidential Exhibit B.

C. That the Court approve attorney fees and expenses in the amounts set forth in Confidential Exhibit B.

D. That the Court order that the remaining proceeds be distributed as set forth in Confidential Exhibit B.

E. That the Court dismiss this case in its entirety with prejudice with the parties bearing their own fees and costs.

        Respectfully Submitted,

        KEILEN LAW, PLC

Dated: November 2, 2023        /s/ Raymond C. Steadmon

        Raymond C. Steadmon
        Attorney for Plaintiff
        141 E. Michigan Ave., Ste. 602
        Kalamazoo, MI 49007
        (269) 382-4818
        Rsteadmon@keilenlaw.com